UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

INTEGRATIVE NUTRITION INC. d/b/a  :
INSTITUTE FOR INTEGRATIVE         :
NUTRITION,                        :   06 Civ. 4920 (JGK)
                                  :
            Plaintiff,            :
                                  :
      - against -                 :
                                  :
ACADEMY OF HEALING NUTRITION,     :
HOLISTIC HEALTH AND HEALING       :
NUTRITION, LLC d/b/a THE ACADEMY  :
OF HEALING NUTRITION, ROGER       :
GREEN, MARISE HAMM, WILLIAM       :
TARA,                             :
                                  :
            Defendants.           :
                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**PLAINTIFF'S MEMORANDUM OF LAW IN (i) SUPPORT OF ITS CROSS-MOTION TO REMAND AND, IN THE ALTERNATIVE, FOR LEAVE TO AMEND; AND (ii) OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................ ii

**PRIOR PROCEEDINGS** ...................................................................... 1
**FACTS** ................................................................................................... 1
**PLAINTIFF'S CAUSES OF ACTION** ................................................ 2
**BRIEF SUMMARY OF PLAINTIFF'S POSITION** ............................ 3

**POINT I:    THE INSTANT ACTION SHOULD BE REMANDED
SINCE THIS COURT LACKS SUBJECT MATTER JURISDICTION**    5

    A.    Defendants Bear the Heavy Burden of Demonstrating
Jurisdiction; All Doubts as to Jurisdiction Must Be
Resolved Against Them ........................................................ 5

    B.    Plaintiff's Complaint Provides No Basis for Federal
Jurisdiction .......................................................................... 6

    C.    Plaintiff's Claims Are Not Preempted by the Copyright
Laws, Since They Contain Elements Qualitatively
Different from Those in a Copyright Claim ......................... 8

        (i)    The Elements of a Copyright Infringement Claim...... 10

        (ii)    The Qualitatively Different Elements of
Plaintiff's Fraud Claim ............................................. 11

        (iii)    The Qualitatively Different Elements of
Plaintiff's Common Law Trespass Claim .................. 12

        (iv)    The Qualitatively Different Elements of
Plaintiff's Common Law Unfair
Competition Claim .................................................... 13

    D.    This Circuit's Decision in <u>Briarpatch</u> Should be Reviewed
and Disregarded ................................................................... 15

    E.    Defendants' Memorandum of Law Fails Completely to
Demonstrate That Any of Plaintiff's Claims are Preempted .... 18

**POINT II:    DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED**...    21

    A.    Defendants Have a Heavy Burden on a Motion to Dismiss;
All Doubts Should be Resolved Against Their Motion ........... 21

    B.    Defendants Have Failed to Demonstrate Any Legitimate Basis
to Dismiss the Complaint ..................................................... 22

**POINT III:    IN THE EVENT THAT THE COURT IS INCLINED TO
DISMISS -- AND IT SHOULD NOT -- PLAINTIFF IS
ENTITLED TO LEAVE TO REPLEAD TO INCLUDE
ALLEGATIONS OF COPYRIGHT INFRINGEMENT
AND RELATED CLAIMS** ...................................................... 23

# TABLE OF AUTHORITIES

## Cases

Alexander v. Electronic Data Systems. Corp., 13 F.3d 940 (6th Cir. 1994) ........    6

Apple Barrel Prod., Inc. v. Beard, 730 F.2d 384 (5th Cir. 1984) ........................    24

Arden v. Columbia Pictures Industries., Inc., 908 F.Supp. 1248 (S.D.N.Y.
1995) ....................................................................................................................    10

Barnhart v. Federated Department Stores, Inc., 2005 WL 549712 (S.D.N.Y.
2005) ....................................................................................................................    19

Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 123 S.Ct. 2058 (2003) .......... 6, 16, 17

Blab T.V of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851
(11th Cir. 1999)....................................................................................................    16

Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141 (1989) ..............    7, 17

Briarpatch Limited, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296
(2d Cir. 2004)....................................................................................    4, 15, 16, 17, 18

Brignoli v. Balch Hardy and Scheinman, Inc., 645 F.Supp. 1201 (S.D.N.Y.
1986) ..............................................................................................................    9, 11, 13

Brown v. Perdue, 2005 WL 1863673 (S.D.N.Y. 2005), aff'd.
177 Fed. Appx. 121 (2d Cir. 2006) ...................................................................    18

Burger v. Singh, , 28 A.D.3d 695, 816 N.Y.S.2d 478 (2d Dep't. 2006) ..............    12

Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994) .................................    6

Buxton Mfg. Co., Inc. v. Valiant Moving & Storage, Inc., 239 A.D.2d 452,
657 N.Y.S.2d 450 (2d Dep't. 1997) ...................................................................    11

Caterpillar Inc. v. Williams, 482 U.S. 386 (1987) ..............................................    6, 7

Cayuga Partners, LLC v. 150 Grand, LLC, 305 A.D.2d 527, 759 N.Y.S.2d
347 (2d Dep't. 2003) ..........................................................................................    11

Chateau Hip, Inc. v. Gilhuly, 1996 WL 437929 (S.D.N.Y. 1996) ....................    23, 24

City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63 (1941) ................................................................... 6

Cohen v. Koenig, 25 F.3d 1168 (2d Cir. 1994) ................................... 22

Colour & Design v. U.S. Vinyl Mfg. Corp., 2005 WL 1337864 (S.D.N.Y. 2005) ................................................................ 9, 13, 21

Comedy III Productions, Inc. v. New Line Cinema, 200 F.3d 593 (9th Cir. 2000) ................................................................ 20

Computer Associates International, Inc. v. Altai, Inc., 982 F.2d 693 (2d Cir. 1992) ................................................................ 8

Computer Management Assistance Company v. Robert F. DeCastro, Inc., 220 F.3d 396 (5th Cir. 2000) ................................................. 9, 14

Conley v. Gibson, 355 U.S. 41 (1957) ............................................ 22

Connecticut Light & Power Co. v. South Eastern Connecticut Regional Resources Recovery Authority, 822 F.Supp. 888 (D.Conn. 1993) .............. 5

Cortec Industries. Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991) .......... 24

County of Delaware v. Government Systems, Inc., 230 F.Supp. 2d 592 (E.D.Pa. 2002) ................................................................ 10, 13, 18

Crooks v. Certified Computer Consultants, Inc., 92 F.Supp. 2d 582 (W.D.La. 2000) ................................................................ 5, 9, 18

Crump v. WorldCom, Inc., 128 F. Supp. 2d 549 (W.D. Tenn. 2001) .............. 6, 7

Cruz v. Beto, 405 U.S. 319  (1972) ................................................. 22

Dahlberg v. Becker, 748 F.2d 85 (2d Cir. 1984) ............................... 22

Dastar Corporation v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003) ................................................................ 20, 21

Davis v. McCourt, 226 F.3d 506 (6th Cir. 2000) ............................... 7

DC Comics, Inc. v. Filmation Associates, 486 F.Supp. 1273 (S.D.N.Y. 1980)... 10, 14

Dead Kennedys v. Biafra, 37 F.Supp. 2d 1151 (N.D.Cal. 1999) ................. 9, 15

Devaney v. Chester, 813 F.2d 566 (2d Cir. 1987) ............................................. 24

Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.,
758 F.2d 897 (11th Cir. 1986) ............................................ 9, 14

Durabla Mfg. Co. v. Goodyear Tire and Rubber Co., 992 F.Supp. 657
(S.D.N.Y. 1998).................................................................. 23

Enhanced Computer Solutions, Inc. v. Rose, 927 F.Supp. 738
(S.D.N.Y. 1996) .................................................................. 9, 14

Ez-Tixz, Inc. v. Hit-Tix Inc., 919 F.Supp. 728 (S.D.N.Y. 1996) ..................... 19

Federal Treasury Enter. Sojuzplodoimport v. Spirit Internt'l. N.V.,
425 F.Supp. 2d 458 (S.D.N.Y. 2006) .................................... 22

Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340
(1991) ................................................................................. 10

Flaherty v. Filardi, 388 F.Supp. 2d 274 (S.D.N.Y. 2005) ........................... 20, 22, 23

Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132 (1963) ............. 18

Fun-Damental Too, Ltd. v. Gemmy Industries Corp., 1996 WL 724734
(S.D.N.Y. 1996) .................................................................. 9, 13

Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992) ............................................ 6

Gemveto Jewelry Company, Inc. v. Jeff Cooper, Incorporated, 613 F.Supp.
1052 (S.D.N.Y. 1985) vacated on other grounds 800 F.2d 256
(2d Cir. 1986) ...................................................................... 9, 10, 13, 14

Harland v. Clarke Checks, Inc., 207 U.S.P.Q. 664 (N.D.Ga. 1980),
aff'd. 711 F.2d 966 (11th Cir. 1983) .................................... 14

Havens v. Time Warner, Inc., 896 F.Supp. 141 (S.D.N.Y. 1995) ..................... 24

Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit,
874 F.2d 332 (6th Cir. 1989) .............................................. 5

Historical Truth Prods., Inc. v. Sony Pictures Entertainment, Inc.,
93 Civ. 5529, 1995 WL 693189 (S.D.N.Y. 1995) .......................... 24

ITAR-TASS Russian News Agency v. Russian Kurier, Inc.,
886 F.Supp. 1120 (S.D.N.Y. 1995) ............................................................     24

Kane v. Nace Intern.,117 F.Supp. 2d 592 (S.D.Tex. 2000) ..............................     10, 15

Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470 (1974) ..................................     17

Kregos v. Associated Press, 3 F.3d 656 (2d Cir. 1993) ................................ 19, 20, 23

Lattie v. Murdach, 1997 WL 33803 (N.D.Cal. 1997) .................................... 10, 11, 15

Leisure Kraft Pontunes, Inc. v. Moeller Marine Products, Inc., 2006 WL
51140 (M.D. Tenn. 2006) ...................................................................     18

Ligo v. Gerould, 244 A.D.2d 852, 665 N.Y.S.2d 223 (4th Dep't. 1997) ..........     12

Lone Wolf McQuade Associates v. CBS Inc., 961 F.Supp. 587 (S.D.N.Y.
1997) ...........................................................................................     19

Manning v. Utilities Mut. Ins. Co., Inc., 254 F.3d 387 (2d Cir. 2001) .............     23

Mitchell v. Penton/Industrial Pub. Co., Inc., 486 F.Supp. 22 (N.D.Ohio
1979) ...........................................................................................     13, 14

Murray v. British Broadcasting Corp., 81 F.3d 287 (2d Cir. 1996) ................     24

Nash v. CBS, Inc., 704 F.Supp. 823 (N.D.Ill. 1989), aff'd. 899 F.2d
1537 (7th Cir. 1990) .........................................................................     14

Nationwide Educational Development Corp. v. Rex Communications,
Inc., 1990 WL 64595 (S.D.N.Y. 1990) ..................................................     10

NetTech Solutions, L.L.C. and ePark L.L.C. v. ZipPark.com, 2001
WL 1111966 (S.D.N.Y. 2001) ...........................................................     9, 14, 20

Pick v. Pikoff, 2004 WL 2997480 (N.D. Tex. 2004) ....................................     8, 10

Property Clerk, New York City Police Dept. v. Fyfe, 197 F.Supp.2d 39
(S.D.N.Y. 2002) ..............................................................................     5

Pross v. Katz, 784 F.2d 455 (2d Cir. 1986) ..............................................     24

Pullman Co. v. Jenkins, 305 U.S. 534 (1939) ...........................................     5

Raffoler Ltd. v. Peabody & Wright, Ltd., 671 F.Supp. 947
(E.D.N.Y. 1987) .................................................................... 10, 13

Retail Clerks Intern. Ass'n. Local 1625, AFL-CIO v. Schermerhorn,
373 U.S. 746 (1963) ............................................................. 22

Ronzani v. Sanofi S.A., 899 F.2d 195 (2d Cir. 1990) ...................... 24

Roy Export Company Establishment of Vaduz, Leichtenstein, Black Inc.,
A.G. v. Columbia Broadcasting System Inc., 503 F.Supp. 1137 (S.D.N.Y.
1980), aff'd. 672 F.2d 1095 (2d Cir.) ...................................... 9, 14, 15

Sakele Brothers, LLC v. Safdie, 302 A.D.2d 20, 752 N.Y.S.2d
626 (1st Dep't. 2002) order issued by 2002 WL 31839140, 2002
N.Y. Slip Op. 09573 (1st Dep't. 2002) ...................................... 12, 13

Samara Brothers, Inc. v. Wal-Mart Stores, Inc., 165 F.3d 120
(2nd Cir. 1998) rev'd on other grounds 529 U.S. 205 (2000) .......... 9, 14, 20

Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1693, 40 L.Ed.2d 90 (1974) .......... 22

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)............... 6

Silkwood v. Kerr-McGee Corp., 464 U.S. 238 (1984) ...................... 17

Silverman v. RTV Communications Group, Inc., 2002 WL 483421
(S.D.N.Y. 2002) .................................................................... 10, 11

Smith v. New Line Cinema, 2004 WL 2049232 (S.D.N.Y. 2004) .................. 21

Sony Music Entertainment Inc. v. Does 1-40, 326 F.Supp. 2d 556
(S.D.N.Y. 2005) .................................................................... 10

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938) ................ 6

Stanford v. Caesar's Entertainment, Inc., 2006 WL 156981 (E.D.La. 2006)..... 5

Stephens & Hayes Construction, Inc. v. Meadowbrook Homes, Inc.,
998 F.Supp. 1194 (N.D.Ill. 1998) .......................................... 14

Thomas v. Baldwin, 189 F.Supp.2d 1 (E.D.N.Y. 2002) ...................... 5

Tisdale v. United Ass'n of Journeymen and Apprentices of
Plumbing and Pipefitting, 25 F.3d 1308 (6th Cir.1994) ...................... 7

<u>Tracy v. Skate Key, Inc.</u>, 697 F.Supp. 748 (S.D.N.Y. 1988) ...................... 9, 11, 13

<u>Union Planters Nat. Bank of Memphis v. CBS, Inc.</u>, 557 F.2d 84
(6th Cir. 1977) ................................................................................ 6

<u>United States v. Bass</u>, 404 U.S. 336 (1971) ........................................ 18

<u>Valente-Kritzer Video v. Pinckney</u>, 881 F.2d 772 (9th Cir. 1989) ..................... 9, 11

<u>Video-Cinema Films, Inc. v. Cable News Network, Inc.</u>,
2001 WL 1518264 (S.D.N.Y. 2001) .................................................... 20

<u>Warner Bros. Inc. v. American Broadcasting Companies</u>, 720
F.2d 231 (2d Cir. 1983) ................................................................. 9

<u>Zimmerman v. Carmack</u>, 292 A.D.2d 601, 739 N.Y.S.2d 430
(2d Dep't. 2002) ........................................................................... 12

**<u>Statutes</u>**
F.R.C.P. 12(b)(6) ......................................................................... 1

28 U.S.C. 1446(c) ......................................................................... 1

17 U.S. §301 .............................................................................. 8, 16

**<u>Authority</u>**
Melville B. Nimmer & David Nimmer, <u>1 Nimmer on Copyright</u>,
§1.01 ............................................................... 8, 11, 13, 18, 19, 21, 23

Restatement 2d, Torts, §330 .............................................................. 12

**PRIOR PROCEEDINGS**

Plaintiff,[1] commenced this action in New York Supreme Court by filing a copy of its summons and Complaint on or about May 23, 2006 (Ex. 1). Shortly thereafter, the summons and Complaint were served upon all Defendants.

On or about June 26, 2006, Defendants filed a Removal Notice removing this action from New York Supreme Court to this Court (Ex. 2). On or about July 5, 2006, Defendants moved this Court for an order dismissing Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6).

Plaintiff's within cross-motion seeks an order: (a) pursuant to 28 U.S.C. 1446(c), remanding this action to New York Supreme Court on the ground that this Court lacks subject matter jurisdiction; and (b) in the event that Plaintiff's cross-motion is denied, and Defendants' motion is granted, permitting Plaintiff leave to amend its Complaint.

**FACTS**

Plaintiff has, for many years, conducted its Institute dedicated to educating students to improve health and wellness on physical, mental, emotional, sexual and spiritual levels (Ex. 1, Complaint ¶¶1-4). Its faculty and visiting teachers include world-renowned professionals like Deepak Chopra, Andrew Weil, MD, and countless other medical doctors and bestselling authors who have pioneered new ideas, theories and directions in the health community (Id. ¶6).

As a result of a decade of painstaking efforts, and at substantial expense, Plaintiff developed, and utilized, its cutting-edge Business Formula directed at increasing enrollment, reducing administrative costs, working with alumni and streamlining the Institute's operations (Id. ¶¶8, 23, 27). The Business Formula includes the ideas developed by Plaintiff for retention of its visiting

---

[1]This memorandum uses the abbreviations set forth in the accompanying affirmation of Arnold M. Weiss.

teachers/professionals that deliver its Special Lecture Series to the Institute's students; its Flexible Tuition plan designed to ease student burdens; Integrative's Orientation designed, among other things, to orient students to the Institute's specialized programs (<u>Id</u>. ¶¶8, 22, 27).

In or about January 2006, defendant Holistic Health opened a school that is directly competitive to Plaintiff's Institute (<u>Id</u>. ¶¶10-12). The individual defendants are owners and/or operators of the competing business (<u>Id</u>. ¶¶9-21).

Apparently to jumpstart their competitive business, on June 3, 2006, defendants Green and Hamm surreptitiously attended Integrative's June Orientation specifically designed for prospective students (<u>Id</u>. ¶28). They gained admission by falsely representing themselves as prospective students ("Misrepresentations") (<u>Id</u>. ¶¶30-34). Defendants thereby appropriated Plaintiff's ideas and proprietary material, and are using same, instead of their own ideas, to compete with Plaintiff (<u>Id</u>. ¶34).

## PLAINTIFF'S CAUSES OF ACTION

All of Plaintiff's three causes of action involve Defendants' fraud and deception whereby they acquired Plaintiff's proprietary ideas and materials.

Plaintiff's first claim for common law "unfair competition" (<u>Id</u>. ¶47), is based upon various elements including: (a) Defendants' passing-off of Plaintiff's proprietary materials as their own; (b) the likelihood of confusion that will result from Defendants' misconduct; and (c) Defendants' intentional deception, fraud, breach of confidence and unethical conduct including the Misrepresentations, whereby they appropriated Plaintiff's proprietary materials (<u>Id</u>. ¶¶28-52).

Plaintiff's second claim for "fraud and misrepresentation" (<u>Id</u>. ¶58) is based, among other things, upon (a) Defendants' false and material Misrepresentations to Plaintiff; (b) Defendants' knowledge that such Misrepresentations were false; (c) Defendants' intention to induce Plaintiff to

2

rely on such Misrepresentations; and (d) Plaintiff's reliance upon the Misrepresentations in granting Defendants access to their proprietary materials (Id. ¶¶28-43; 53-63).

Plaintiff's third claim, for "trespass" (Id. ¶65), is based upon (a) Defendants' entry upon Plaintiff's premises; (b) the absence of consent to such entry, secured by the Misrepresentations; and (c) the acquisition of Plaintiff's proprietary materials by such misconduct (Id. ¶¶28-43; 64-70).

## BRIEF SUMMARY OF PLAINTIFF'S POSITION

This case should be remanded because this Court lacks subject matter jurisdiction (Point I). Firstly, and as discussed in Point IA, federal courts take a very restrictive view of when subject matter jurisdiction exists. Not only does the party seeking removal have the heavy burden of proving that removal is proper, but any uncertainty will be resolved against federal jurisdiction.

Secondly, the Complaint provides no basis for federal jurisdiction. Although Defendants' misconduct may have provided Plaintiff with a fourth claim for copyright infringement, Plaintiff chose not to assert any such claim in its Complaint. As Point I demonstrates, a plaintiff is the "master" of its complaint. Accordingly, if its Complaint contains no federal claim, federal jurisdiction will be rejected despite that: (a) Plaintiff could have included a federal claim in its Complaint, or (b) Defendants may have federally based defenses to the claims in the Complaint.

There are two rare and limited exceptions to the rule making a plaintiff the master of its complaint: (a) where Congress expressly so provides, such as in the Price-Anderson Act, or (b) where a federal statute wholly displaces the state law cause of action through "complete" preemption. Complete preemption requires a congressional intent that, in addition to a claim being preempted by a particular federal statute, such claim must be adjudicated only in the federal courts.

Neither of those exceptions is applicable here: (a) there is no statute that expressly provides for removal of the state law claims contained in the Complaint; (b) even if the doctrine of complete

preemption applied to this action -- and it does not -- the claims in the Complaint are by their nature exempt from federal jurisdiction under the clear and broadly recognized "extra elements" doctrine. That doctrine provides that, even in a field that is completely preempted, a state law claim that contains an "extra element" that is qualitatively different from those comprising a copyright infringement claim, is not subject to preemption. Point IC clearly demonstrates that each of Plaintiff's three common law state claims contains elements qualitatively different from those contained in a copyright claim, and they are, therefore, not subject to federal jurisdiction.

Thirdly, as discussed in Point ID, it is respectfully submitted that this Circuit's ruling in Briarpatch Limited, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004), that the Copyright Laws require complete preemption, is incorrect. To begin with, the paucity of statutes that have been accorded complete preemption underscores the judicial reluctance to grant same. Moreover, the Copyright Act, itself, demonstrates Congress' intent not to completely exclude state involvement in the area of copyright law. Indeed, courts have also consistently recognized that Congress did not intend the states' full exclusion from the copyright area.

It bears emphasis, and will be shown below, that even if, as Briarpatch proposes, copyright law is completely preempted, Plaintiff's claims contain "extra elements" that are qualitatively different from a copyright infringement claim; on that independent basis, this matter must be remanded.

Finally, the absence of preemption requires both the grant of Plaintiff's cross-motion to remand, and denial of Defendants' motion to dismiss.

**POINT I**

## THE INSTANT ACTION SHOULD BE REMANDED SINCE
## THIS COURT LACKS SUBJECT MATTER JURISDICTION

In reviewing the parties' competing motions, this Court must first examine Plaintiff's cross-motion to remand, since the absence of subject matter jurisdiction disposes of this matter and all other issues raised. Indeed, numerous courts have stayed proceedings, including determinations on a 12(b)(6) motion to dismiss, in order, first, to determine if there was subject matter jurisdiction. Stanford v. Caesar's Entertainment Inc., 2006 WL 156981 (E.D.La. 2006); Crooks v. Certified Computer Consultants, Inc., 92 F.Supp.2d 585 (W.D.La. 2000); Connecticut Light & Power Co. v. South Eastern Connecticut Regional Resources Recovery Authority, 822 F.Supp. 888 (D.Conn. 1993).

**A.    Defendants Bear the Heavy Burden of Demonstrating Jurisdiction;
All Doubts as to Jurisdiction Must be Resolved Against Them**

The removing party carries the heavy burden of showing that removal is proper, and that the federal court has jurisdiction over the case. Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939); Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). Further, even "[i]n the context of a remand motion, the removing party has the burden of proof, and federal courts construe the removal statute narrowly, resolving any doubts against removability." Thomas v. Baldwin, 189 F.Supp. 2d 1, 2 (E.D.N.Y. 2002)(internal quotation and citations omitted); see also Property Clerk, New York City Police Dept. v. Fyfe, 197 F.Supp. 2d 39, 40-41 (S.D.N.Y. 2002).

The United States Supreme Court has held that "important federalism considerations regarding the relationship between the state and federal court systems caution against routinely finding removal jurisdiction." Crump v. WorldCom, Inc., 128 F.Supp. 2d 549, 553 (W.D.Tenn.

2001) citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

Additionally, there is a "strong presumption" against removal, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938), and every doubt concerning whether removal was proper should therefore be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Crump, 128 F.Supp. 2d at 553; Union Planters Nat. Bank of Memphis v. CBS, Inc., 557 F.2d 84, 89 (6th Cir. 1977); Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 949 (6th Cir. 1994); City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 76-77 (1941).

**B.    Plaintiff's Complaint Provides No Basis for Federal Jurisdiction**

The basic law governing removal is set forth by the United States Supreme Court in Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058 (2003):

> A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. § 1441(b). To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.  Thus, a defense that relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, will not provide a basis for removal.  As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.  Id. (internal quotations, citations omitted)

Put another way, the presence or absence of federal jurisdiction is governed by the "well-pleaded" complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Davis v. McCourt, 226 F.3d 506, 510 (6th Cir. 2000).  Typically, the well-pleaded complaint rule makes the plaintiff the "master of the complaint," meaning that a

plaintiff may avoid federal jurisdiction by relying exclusively on state law for its claim.  Caterpillar, 482 U.S. at 392.  Hence, with very limited exceptions discussed below, the plaintiff, as "master of the complaint," may select a state forum by choosing to rely exclusively on state-law claims, even if the facts alleged also would support a claim under federal law.  Tisdale v. United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting, 25 F.3d 1308, 1311 (6th Cir. 1994) ("[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court")(internal quotation omitted); see also  Crump, 128 F.Supp. 2d at 553-54.

Under these basic guidelines, Plaintiff's Complaint in the instant action provides no basis for federal jurisdiction.  As noted, and as demonstrated below, the Complaint sets forth the following three common law claims under New York law: unfair competition, fraud, and, trespass (Ex.1). Although Plaintiff may have had a basis for a fourth claim for copyright infringement, it clearly chose not to assert it.[2]  Indeed, wholly absent from the Complaint is any mention of the Copyright Laws, of a copyright claim, the word "copyright," or of allegations necessary to assert a copyright cause of action (e.g. Plaintiff's ownership of a valid copyright).  Accordingly, applying the "well-pleaded" complaint rule, Plaintiff's Complaint presents no basis for federal jurisdiction.

**C.     Plaintiff's Claims Are Not Preempted by the Copyright Laws Since They Contain Elements Qualitatively Different from Those in a Copyright Claim**

The Courts have consistently held -- even in the context of complete preemption -- that federal jurisdiction is not acquired where the state claim protects rights that are not "equivalent" to

---

[2]The suggestion in the Notice of Removal that patent issues are involved in this action is unsupported and without basis.  Even if patentable material were involved, any resultant preemptive power would be subject to limits similar to those that apply to the Copyright Law, as discussed herein; the Supreme Court has made it clear that the Patent Law permits state-based claims, e.g., for unfair competition, trade secrets and contracts.  Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141 (1989).

any of the exclusive rights found in the preemptive federal statute, here federal copyright law.

Computer Associates Int'l. Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992); Pick v. Pikoff, 2004

WL 2997480, *2 (N.D.Tex. 2004).  As expressed by the court in Computer Associates:

> A state law claim is not preempted if the "extra element" changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim.  To determine whether a claim meets this standard, we must determine what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced.
>
> \*       \*       \*       \*
>
> [M]any state law rights that can arise in connection with instances of copyright infringement satisfy the extra element test, and thus are not preempted by section 301. These include unfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties and trade secrets. Computer Associates, 982 F.2d at 716 (internal quotations and citations omitted)[3]

This rationale -- exempting from preemption those claims that contain qualitatively extra

elements -- is directed by the Copyright Act itself which provides in Section 301(b)(3) that:

> (b)      Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any state with respect to --
>
> \*       \*       \*       \*
>
> (3)      activities violating rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106.  17 U.S.C. §301(b)(3).

The courts have held a broad range of state common law claims to contain "extra elements"

that are qualitatively different from copyright claims, and therefore not preempted by the federal

Copyright Laws.  By way of example:  Computer Management Assistance Company v. Robert F.

DeCastro, Inc., 220 F.3d 396 (5th Cir. 2000) (unfair competition); Samara Brothers, Inc. v. Wal-

---

[3]See also Pick, 2004 WL 2997480, *2 ("If the state law cause of action requires proof of one or more qualitatively different elements that [sic] the federal copyright cause of action, then the state cause of action is not preempted"). Melville B. Nimmer & David Nimmer, 1 Nimmer on Copyright, at §1.01[A][1], acknowledges that these statutory provisions confirm that "if qualitatively other elements are required, instead of, or in addition to, the acts of reproduction, performance, distribution, or display, in order to constitute a state-created cause of action, then the right does not lie 'within the general scope of copyright,' and there is no pre-emption."

Mart Stores, Inc., 165 F.3d 120 (2nd Cir. 1998) rev'd on other grounds 529 U.S. 205 (2000) (unfair competition); Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc., 785 F.2d 897 (11th Cir. 1986) (unfair competition); Valente-Kritzer Video v. Pinckney, 881 F.2d 772 (9th Cir. 1989) (fraud); Warner Bros. Inc. v. American Broadcasting Companies, 720 F.2d 231, 247 (2d Cir. 1983) (unfair competition); Colour & Design v. U.S. Vinyl Mfg. Corp., 2005 WL 1337864 (S.D.N.Y. 2005) (unfair competition); Roy Export Company Establishment of Vaduz, Liechtenstein, Black Inc., A.G. v. Columbia Broadcasting System, Inc., 503 F.Supp. 1137 (S.D.N.Y. 1980), aff'd. 672 F.2d 1095 (2d Cir.) (unfair competition); NetTech Solutions, L.L.C. and ePack L.L.C. v. ZipPark.com, 2001 WL 1111966 (S.D.N.Y. 2001) (unfair competition); Crooks v. Certified Computer Consultants, Inc., 92 F.Supp. 2d 582 (breach of contract; breach of fiduciary duty); Dead Kennedys v. Biafra, 37 F.Supp. 2d 1151 (N.D.Cal. 1999) (breach of fiduciary duty; conversion; breach of contract; unjust enrichment; unfair competition); Enhanced Computer Solutions, Inc. v. Rose, 927 F.Supp. 738 (S.D.N.Y. 1996) (tortious interference with business relations; breach of contract; misappropriation of trade secrets); Fun-Damental Too, Ltd. v. Gemmy Industries Corp., 1996 WL 724734 (S.D.N.Y. 1996) (unfair competition); Tracy v. Skate Key, Inc., 697 F.Supp. 748 (S.D.N.Y. 1988) (fraud; unfair competition); Brignoli v. Balch Hardy and Scheinman, Inc., 645 F.Supp. 1201 (S.D.N.Y. 1986) (fraud; breach of contract; breach of confidentiality; trade secrets; unfair competition); Gemveto Jewelry Company, Inc. v. Jeff Cooper, Incorporated, 613 F.Supp. 1052 (S.D.N.Y. 1985) vacated on other grounds 800 F.2d 256 (2d Cir. 1986) (unfair competition); DC Comics, Inc. v. Filmation Associates, 486 F.Supp. 1273 (S.D.N.Y. 1980) (unfair competition); Raffoler Ltd. v. Peabody & Wright, Ltd., 671 F.Supp. 947 (E.D.N.Y. 1987) (unfair competition); Pick, 2004 WL 2997840 (breach of contract); County of Delaware v. Government Systems, Inc., 230

9

F.Supp. 2d 592 (E.D.Pa. 2002) (breach of contract; tortious interference; conversion trespass to chattels); Kane v. Nace Intern., 117 F.Supp.2d 592 (S.D.Tex. 2000) (unfair competition); Lattie v. Murdach, 1997 WL 33803 (N.D.Cal. 1997) (breach of contract; breach of confidential relationship; breach of confidence; deceit; negligent misrepresentation; constructive fraud; conversion; unfair competition; interference with a business relationship).

As noted, among the above state law claims held to be qualitatively different from copyright claims, and thus not preempted by the Copyright Laws, are claims identical to those contained in Plaintiff's Complaint, to wit: claims for fraud, trespass and unfair competition.

### (i)    The Elements of a Copyright Infringement Claim

The elements of a claim for copyright infringement under the federal Copyright Laws are twofold: (1) ownership of a valid copyright, and (2) copying constituent elements of the work that are original.  Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991); Sony Music Entertainment Inc. v. Does 1-40, 326 F.Supp. 2d 556, 565 (S.D.N.Y. 2005); Arden v. Columbia Pictures Industries, Inc., 908 F.Supp. 1248, 1257 (S.D.N.Y. 1995).  Of no concern to the validity of a copyright claim is the manner in which the subject infringement occurred, e.g. by fraud or deception; nor is there any requirement that the appropriation be performed in bad faith. Nationwide Educational Development Corp. v. Rex Communications, Inc., 1990 WL 64595, *3 (S.D.N.Y. 1990); see also Silverman v. RTV Communications Group, Inc., 2002 WL 483421, *4 (S.D.N.Y. 2002).

As demonstrated below, each of Plaintiff's state court claims includes elements that are qualitatively different from a federal copyright claim, and are therefore not subject to preemption.

### (ii)    The Qualitatively Different Elements of Plaintiff's Fraud Claim

Plaintiff's Complaint contains a claim for fraud (Ex.1, ¶58). Under New York law, "[t]o sustain a cause of action alleging fraud, a party must show a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" Cayuga Partners, LLC v. 150 Grand, LLC, 305 A.D.2d 527, 527-28, 759 N.Y.S.2d 347 (2d Dep't. 2003) (internal citation omitted); Buxton Mfg. Co., Inc. v. Valiant Moving & Storage, Inc., 239 A.D.2d 452, 453-54, 657 N.Y.S.2d 450 (2d Dep't. 1997).

Manifestly, a fraud claim contains a series of significant elements that are inherently absent from a federal copyright claim and are exempt from federal jurisdiction. Valente-Kritzer Video, 881 F.2d at 776; Lattie, 1997 WL 33803 at *4; Tracy, 697 F.Supp. at 751; Brignoli, 645 F.Supp. at 1205-06. "Thus" says Nimmer "there is no pre-emption of the state law of fraud," 1 Nimmer on Copyright ¶1.01[B][1][e].

The significant "extra elements" present in Plaintiff's fraud claim that are not elements of a copyright claim, include the following:

      (a)    Defendants' Misrepresentations, i.e., their failure to identify themselves as competitors, and their misrepresentation, instead, that they were prospective students (Ex. 1, ¶¶53, 29);

      (b)    Defendants' knowledge that such Misrepresentations were false when made (Id. ¶¶53, 31, 54);

      (c)    Defendants' making of Misrepresentations to induce Plaintiff to permit them to attend the June Orientation, and to gain access to Plaintiff's proprietary materials (Id. ¶55);

      (d)    Plaintiff's unawareness of the falsity of the Misrepresentations, and that, if aware, it would not have permitted Defendants to attend the June Orientation and to gain access to its proprietary materials and ideas (Id. ¶56);

11

(e)    Integrative Nutrition's reasonable reliance upon Defendants' Misrepresentations in permitting Defendants to attend the June Orientation and to gain access to its proprietary materials and ideas (Id. ¶¶53, 33); and

(f)    Defendants' conduct was "wanton, wilful and malicious" (Id. ¶59).

Clearly, Plaintiff's state fraud claim, containing multiple elements qualitatively different than those that comprise an infringement claim, should be remanded to New York Supreme Court.

### (iii)    The Qualitatively Different Elements of Plaintiff's Common Law Trespass Claim

Plaintiff's Complaint also contains a cause of action for "trespass" (Id. ¶65).  Under New York common law, "[a] person who enters upon the land of another, without the owner's permission, whether innocently or by mistake, is a trespasser." Burger v. Singh, 28 A.D.3d 695, 698, 816 N.Y.S.2d 478 (2d Dep't. 2006) (internal citation and quotation omitted); see also Zimmerman v. Carmack, 292 A.D.2d 601, 601, 739 N.Y.S.2d 430 (2d Dep't. 2002); Sakele Brothers, LLC v. Safdie, 302 A.D.2d 20, 27, 752 N.Y.S.2d 626 (1st Dep't. 2002) order issued by 2002 WL 31839140, 2002 N.Y. Slip Op. 09573 (1st Dep't. 2002); Ligo v. Gerould, 244 A.D.2d 852, 852, 665 N.Y.S.2d 223 (4th Dep't. 1997).   Further, an individual cannot obtain valid consent to enter on the land of another through misrepresentation or fraud.  See Restatement 2d, Torts, §330.  Defendants' misappropriation  that occurred during their trespass is not an element of that tort, but rather an aspect of the damage that flowed from the trespass.  Sakele, 302 A.D.2d at 27 ("the proper measure of damages for trespass is the gain the trespasser has derived from its wrongful conduct").

A common law trespass claim is not equivalent to a copyright infringement claim and is, thereby, not preempted.  County of Delaware, 230 F.Supp. 2d at 601-02 ("trespass to chattels are not qualitatively similar to any claim that could be brought under the Copyright Act"); see also 1 Nimmer on Copyright §1.01[B][1][i] ("The torts of conversion and trespass relate to interference

12

with tangible rather than intangible property, and hence, should be held to be immune from pre-emption"). Since Plaintiff's trespass cause of action contains "extra elements" not present in a copyright claim, it is exempt from preemption and should be remanded to New York Supreme Court.

**(iv)    The Qualitatively Different Elements of Plaintiff's Common Law Unfair Competition Claim**

Plaintiff's other cause of action is for common law unfair competition (Ex.1, ¶47; Id. ¶¶43, 28-34). Common law unfair competition claims can be of different varieties.

Whereas the courts have repeatedly held that an unfair competition claim based <u>solely</u> on misappropriation is preempted, they have made it unmistakenly clear that an unfair competition claim alleging one or more of the extra elements listed below is not subject to preemption:

(a)    **Passing Off:**  <u>Colour & Design</u>, 2005 WL 1337864 at \*6 ("state unfair competition claims that allege the tort of 'passing off' ... are not preempted because they do not entail the assertion of rights equivalent to those protected by federal copyright law"); <u>Fun-Damental</u>, 1996 WL 724734 at \*3 ("[t]he Second Circuit has held that passing off claims are not preempted by the Copyright Act because they involve an element of misrepresentation or deception which is not an element of copyright claims"); <u>Tracy</u>, 697 F.Supp. at 751 (cause of action "for passing off is not preempted by the Copyright Act"); <u>Raffoler</u>, 671 F.Supp. at 955 ("[t]o the extent that plaintiffs are relying on [New York S]tate unfair competition law to allege a tort of 'passing off' they are not asserting rights equivalent to those protected by copyright and therefore do not encounter pre-emption"); <u>Brignoli</u>, 645 F.Supp. at 1206 ("The Seventh claim survives as a 'palming off' claim ... and as such is not pre-empted"); <u>Gemveto</u>, 613 F.Supp. at 1064 (state may "impose liability on those who" deceive the public by palming off their copies as the original); <u>Mitchell v. Penton/Industrial Pub. Co., Inc.</u>, 486 F.Supp. 22 (N.D.Ohio 1979) at 25 ("a 'passing off' claim would not concern the violation of legal or equitable rights that are 'equivalent to any of the rights that are of the exclusive rights within the general scope of section 106 [of the Copyright Act']");

(b)    **Creation of Consumer Confusion:**  <u>Samara</u>, 165 F.3d at 131 ("'actual confusion' constitutes an extra element" negating preclusion); <u>Donald Frederick</u>, 785 F.2d at 914 (no preclusion upon showing of "deceptive or fraudulent conduct of a competitor and likelihood of customer confusion"); <u>NetTech</u>, 2001 WL 1111966 at \*8-9 ("unfair competition claims that allege a false designation of origin or confusion as to source are not preempted because these claims require actual

confusion -- an 'extra element' beyond what is needed to prove a federal copyright claim"); DC Comics, 486 F.Supp. at 1278 ("since New York law, unlike the Copyright Act, requires a showing of misappropriation of economic value and a likelihood of public confusion, it is saved from preemption"); Stephen & Hayes Construction, Inc. v. Meadowbrook Homes, Inc., 988 F.Supp. 1194 (N.D.Ill. 1998) at 1198-9 (plaintiff's unfair competition claim held not to be preempted "because the pertinent provisions of the [state deceptive practices act] are not infringed by the mere act of reproduction, distribution, performance, or display -- rather they are infringed by conduct that creates a 'likelihood of confusion'", and "such conduct [creating a likelihood of confusion, is] qualitatively different [in] nature [from] a copyright infringement action"; Nash v. CBS, Inc., 704 F.Supp. 823 (N.D.Ill. 1989) at 833, aff'd. 899 F.2d 1537 (7th Cir. 1990) (unfair competition claim under a state deceptive practices act that "requires 'confusion' as an additional element" will not be preempted); Harland v. Clarke Checks, Inc., 207 U.S.P.Q. at 664 (N.D.Ga. 1980) aff'd. 711 F.2d 966 (11th Cir. 1983) ("confusion or deception of the public" are "elements not required in a copyright infringement action and involve more than the mere acts of copying and selling an article" and are not preempted);

(c)    **Intentional Deception, Fraud, Misrepresentation, Breach of Confidence or Other Unethical Conduct:** Samara, 165 F.3d at 131 (element of "intentional deception" prohibits preemption of unfair competition claims under §349 of N.Y. Gen. Bus. Law); Computer Management, 220 F.3d at 404-05 (because a cause of action for unfair competition "requires proof of fraud, misrepresentation or other unethical conduct" it is "not 'equivalent' to that provided in the Copyright Act and, thus, is not preempted"); Donald Frederick, 785 F.2d at 914 (unfair competition claims not preempted because they require proof of "deceptive or fraudulent conduct of a competitor and likelihood of customer confusion"); Enhanced Computer Solutions, 927 F.Supp. at 740; Gemveto, 613 F.Supp. at 1064; Roy Export Company, 503 F.Supp. at 1152 (state common law unfair competition law not pre-empted (1) since "a cause of action for unfair competition requires unfairness and an unjustifiable attempt to profit from another's expenditure of time, labor and talent, elements which are not required to state a cause of action under the copyright statute" and (2) "it also required a finding that CBS' conduct constituted commercial immorality and thus was also based on the evidence of bad faith presented in the case"); Kane, 117 F.Supp. at 598 ("breach of duty of trust or confidence to the plaintiff through improper disclosure of confidential material" negates preemption); Dead Kennedys, 37 F.Supp. at 1154 (unfair competition claim that focuses on self-dealing ... "does not attempt to mimic an infringement action by claiming unfair use of the works at issue"); Lattie, 1997 WL 33803.[4]

---

[4] In Lattie, the court was presented with facts strikingly similar to those in the instant case. Plaintiff owned price lists and catalogues containing photographs and drawings of certain pottery. Id. at *1. He provided these materials to defendant for the specific purpose of the latter's appraising them, and with the goal of both parties, thereafter, producing a book utilizing the materials. Id. Defendant,

Plaintiff's unfair competition claim alleges each of the above elements:

      (a)     Passing Off (Id. ¶¶37, 38, 44-47);

      (b)     "a substantial likelihood ... of confusion among the public, including customers and students" (Id. ¶45); and

      (c)     Fraud, Misrepresentation, Breach of Confidence, Intentional Deception and/or other Unethical Conduct (Id. ¶¶28-34, 43, 46 and 48).

**D.    This Circuit's Decision in <u>Briarpatch</u> Should be Reviewed and Disregarded**

The Second Circuit recently held in <u>Briarpatch</u>, 373 F.3d 296 (2d Cir. 2004), that the Copyright Laws completely preempted state law claims. For the reasons set forth below, it is respectfully submitted that said decision is incorrect and should be disregarded.

To begin with, the Supreme Court extends complete preemption "hesitatingly and displays no enthusiasm to extend the doctrine into areas beyond LMRA and ERISA." <u>Blab T.V of Mobile, Inc. v. Comcast Cable Communications, Inc.</u>, 182 F.3d 851, 856 (11th Cir. 1999).

<u>Briarpatch's</u> rationale for its significant extension of federal jurisdiction is brief, and based on the United States Supreme Court's ruling in <u>Beneficial</u>, 539 U.S. 1. In the course of its ruling that the National Bank Act's usury provisions for federal banks completely preempted state usury

---

however, in violation of the condition upon which it was provided plaintiff's materials, used them for its own book. <u>Id.</u> The court held that plaintiff's claim for unfair competition contained "extra elements" that exempted it from complete preemption under the Copyright Law since it was based upon defendants' breach of confidence:

> [t]he eighth cause of action for unfair competition is based on defendants' alleged misappropriation of the materials and use of those materials in the *Guide* without plaintiff's knowledge or consent. . . . the gist of plaintiff's unfair competition claim is that defendants fraudulently misrepresented to him that they retained copies of the materials and then actually used them in their *Guide*. Thus, the claim is not equivalent to a claim for unauthorized reproduction and is not preempted. <u>Id.</u> at *5.

claims against such banks, the Supreme Court, in <u>Beneficial</u>, noted a section of the National Bank Act that provided an "exclusive cause of action for usury claims against national banks" 539 U.S. at 2064. Apparently, the Second Circuit, in <u>Briarpatch</u>, took this to mean that any federal statute that provides a federal cause of action, <u>ipso facto</u>, prompts complete preemption.  <u>Briarpatch</u>, 373 F.3d at 305.  There is no language to that effect in the Supreme Court's decision in <u>Beneficial</u>.  Moreover, the provisions of the Copyright Act expressly reject complete preemption of all state claims.

17 U.S.C. §301 expressly allows the application of state law to the facts of this dispute:

> (b)    Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to: ... (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106;
>                   *    *    *    *
> (f)(2)   Nothing in paragraph (1) annuls or limits any rights or remedies under the common law or statutes of any State with respect to:  (B) activities violating legal or equitable rights that are not equivalent to any of the rights conferred by section 106A with respect to works of visual art;

17 U.S.C. § 301.  The case for complete federal pre-emption is particularly weak where, as here, Congress has indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to "stand by both concepts and to tolerate whatever tension there [is] between them." <u>Silkwood v. Kerr-McGee Corp.</u>, 464 U.S. 238, 256 (1984).[5]

The courts have also demonstrated that Congress never intended that state law be completely excluded from the area of  intellectual property.  <u>Kewanee Oil Co. v. Bicron Corp.</u>, 416 U.S. 470 (1974); <u>Bonito</u>, 489 U.S. 141.

---

[5]The <u>Briarpatch</u> rationale also overlooks the Supreme Court's great hesitation in granting complete preemption; only four statutes have been accorded that unique status of this narrow exception by the Supreme Court.  It also overlooks the fact that the National Bank Act provision that accorded complete preemption in <u>Beneficial</u> was extremely discrete relating only to (1) a usury claim, and (2) the "special nature of federally chartered banks." <u>Beneficial</u>, 539 U.S. at 2.

In <u>Kewanee</u>, the Supreme Court reversed the lower court's decision that held Ohio's trade secret laws were preempted.  <u>Kewanee</u>, 416 U.S. 470.  Chief Justice Burger, explained, in pertinent part:

> Just as the States may exercise regulatory power over writings, so may the States regulate with respect to discoveries. States may hold diverse viewpoints in protecting intellectual property to invention as they do in protecting the intellectual property relating to the subject matter of copyright.  <u>The only limitation on the States is that in regulating the area of patents and copyrights they do not conflict with the operation of the laws in this area passed by Congress,</u> and it is to that more difficult question we now turn. <u>Id</u>. at 479 (emphasis supplied).

Further, Justice O'Connor, writing for a unanimous court in <u>Bonito</u> stated in pertinent part:

> Our decisions since *Sears* and *Compco* have made it clear that the Patent and Copyright Clauses do not, by their own force or by negative implication, deprive the States of the power to adopt rules for the promotion of intellectual creation within their own jurisdictions. Thus, where Congress determines that neither federal protection nor freedom from restraint is required by the national interest, the States remain free to promote originality and creativity in their own domains. <u>Bonito</u>, 489 U.S. at 165 (internal citations and quotations omitted).

> * * * *

> <u>Both the law of unfair competition and state trade secret law have coexisted harmoniously with federal patent protection for almost 200 years, and Congress has given no indication that their operation is inconsistent with the operation of the federal patent laws.</u> <u>Id</u>. at 165-66 (emphasis supplied) <u>citing</u> <u>Florida Lime & Avocado Growers, Inc. v. Paul</u>, 373 U.S. 132, 144 (1963); <u>United States v. Bass</u>, 404 U.S. 336, 349 (1971).

Indeed,  two recent cases, <u>Leisure Kraft Pontunes, Inc. v. Moeller Marine Products, Inc.</u>, 2006 WL 51140 (M.D.Tenn. 2006) and <u>Crooks</u>, 92 F.Supp.2d 585, have concluded that the Copyright Laws are not entitled to complete preemption.

**E.    Defendants' Memorandum of Law Fails Completely to Demonstrate That Any of Plaintiff's Claims are Preempted**

Plaintiff has demonstrated in Point IC hereof that each of its claims contain elements

17

qualitatively different from those in a copyright claim.  None of Defendants' cases show the contrary.  Some of Defendants' cases misdirect the Court to claims that are not in issue.  A number of Defendants' other cases actually support Plaintiff's demonstration that preemption of its claims is unwarranted.

To begin with, several of Defendants' cases deal with claims for unjust enrichment, universally conceded as preempted because it consists, as does copyright infringement, solely of misappropriation of another's property.  Brown v. Perdue, 2005 WL 1863673 (S.D.N.Y. 2005), aff'd. 177 Fed. Appx. 121 (2d Cir. 2006); Briarpatch, 373 F.3d 236 (2d Cir. 2004).

Re: Trespass:  Defendants cite no case that preempts a trespass claim.  It is noted that the essence of Plaintiff's trespass claim is, not that Defendants copied Plaintiff's intangible property, but that Defendants committed a trespass upon Plaintiff's property.  As the above demonstrated, preemption is negated by the extra elements of: illegal entry, and intentional deception that gained Defendants access to Plaintiff's property 1 Nimmer on Copyright, §1.01[B][1][l]; County of Delaware, 230 F.Supp. 2d at 601-02.

Re: Fraud:  As noted, Nimmer has concluded that fraud claims are not subject to preemption; Plaintiff identified four typical fraud cases that come to the same conclusion.  Defendants' only fraud case, Barnhart v. Federated Department Stores Inc., 2005 WL 549712 (S.D.N.Y. 2005), presents a peculiar set of facts that renders it inapplicable to the case at bar.  The misrepresentation in Barnhart uniquely involved an issue that "requires interpretation of the Copyright Act" i.e. "plaintiff's rights as author of the works in question" (Id. at *4).  In the within case, Defendants' Misrepresentations -- that they had intentions to enroll as students of the Institute -- has absolutely nothing to do with copyright law.

18

Re: Unfair Competition: Defendants' unfair competition cases actually demonstrate that preemption of unfair competition claims is limited to those that involve only copying; e.g. in Kregos v. Associated Press, 3 F.3d 656 (2d Cir. 1993) and Ez-Tixz, Inc. v. Hit-Tix Inc., 919 F.Supp. 728 (S.D.N.Y. 1996), relied on by Defendants, the courts preempted unfair competition claims based solely on copying. Indeed, on page 14 of their Memorandum, Defendants quote Kregos to justify their assertion that Plaintiff's unfair competition claim should be preempted because it is "grounded solely in the copyright of plaintiff's [allegedly] protected expression" (emphasis supplied). Defendants' said assertion simply ignores the extra elements in Plaintiff's unfair competition claim: passing off, consumer confusion and intentional deception, etc., all of which, as shown above, negate preemption. In another of Defendants' cases, Lone Wolf McQuade Associates v. CBS Inc., 961 F.Supp. 87 (S.D.N.Y. 1997), the court preempted an unfair competition claim "based on copying," and stated immediately thereafter

> "[h]owever, state law unfair competition claims that allege the tort of 'passing off'
> or confusion as to source are not preempted because they do not entail the assertion
> of rights equivalent to those protected by federal copyright law." 961 F.Supp. at 599.

Similarly, Defendants' reliance on Flaherty v. Filardi, 388 F.Supp. 2d 274 (S.D.N.Y. 2005) is misplaced. In Flaherty, the court merely rejected unfair competition claims "to the extent that they address precisely the same issues as [plaintiff's] copyright claims ... However, to the extent that these claims are premised on notions or claims of violations of rights outside the ambit of copyright law, they are not preempted" Flaherty, 388 F.Supp.2d at 290.[6]

---

[6]In Comedy III Productions, Inc. v. New Line Cinema, 200 F.3d 593 (9th Cir. 2000), cited by Defendants, preemption was never raised or considered; plaintiff's claims under the Lanham Act were rejected because the film clip upon which said claim was based "was not an enforceable trademark." Similarly the claim in Video-Cinema Films, Inc. v. Cable News Network, Inc., 2001 WL 1518264 (S.D.N.Y. 2001) was preempted because it was "based on the same conduct as its copyright claims."

Defendants further assert that <u>Kregos</u> rejected confusion as an extra element.  That <u>Kregos</u> does not stand for that proposition is underscored by the Second Circuit's decision in <u>Samara</u>, 165 F.3d 120, five years after <u>Kregos</u>, which held that neither plaintiff's statutory unfair competition claim (which contained the element of intentional deception), nor his common law unfair competition claim (which contained the element of confusion), were preempted because "the requirement[s] of 'intentional deception' [and] actual confusion" provide the extra elements that preclude preemption.  165 F.3d at 131.  Similarly, <u>NetTech</u>, 2001 WL 1111966 decided in this district after <u>Kregos</u>, held that an unfair competition claim based on "likelihood of confusion" and "dece[ption]" would not be preempted.  <u>NetTech</u>, 2001 WL 1111966 at *8-9.

Defendants are also incorrect in suggesting that in <u>Dastar Corporation v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23 (2003) "forclosed" the use of confusion and/or passing-off as barriers to preemption of an unfair competition claim.  First, <u>Dastar</u> did not deal with preemption, or with what constitutes preemption, and it certainly did not consider those issues with regard to any state-based unfair competition claims -- since there was no such claim in <u>Dastar</u>.[7]  Second, one would expect that so significant a change in law -- the elimination of both passing off and confusion as barriers of preemption -- would be noted in <u>1 Nimmer on Copyright</u>.  However, the name <u>Dastar</u> does not appear in the more than <u>Nimmer's</u> 70 pages of text and citations devoted to the issue of preemption under the Copyright Laws (<u>1 Nimmer on Copyright</u>, §1.01[A] through [B]).  To the contrary, <u>Nimmer</u> still maintains that "there is no pre-emption ... of the state law of unfair competition of the 'passing off' variety."  <u>1 Nimmer on Copyright</u> at §1.01[B][1][e].  Further

---

[7]The wholly different question in <u>Dastar</u> was: what constitutes "origin" of goods under the Lanham Act.  <u>Dastar</u> involved interpretation of that Act, and not of the Copyright Act.  Moreover, the court expressly acknowledged the very limited role that the Lanham Act plays in the law of unfair competition (<u>Id</u>. at 539 U.S. 29).

confirming that <u>Dastar</u> did not eliminate "passing off" or "confusion" as barriers to preemption of an unfair competition claim is this court's ruling in <u>Colour & Design</u> -- decided two years after <u>Dastar</u> -- that held that "the state law unfair competition claims that allege the tort of 'passing off' one's goods as those of another or creating confusion as to the source of goods are not preempted because they do not entail the assertion of rights equivalent to those protected by federal copyright law" (<u>Id</u>. 2005 WL 1337864 at 6).[8]

## POINT II

## DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

### A.    Defendants Have a Heavy Burden on a Motion to Dismiss; All Doubts Should be Resolved Against Their Motion

On a motion to dismiss, the District Court is required to assume all of the allegations of the complaint are true. <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972); <u>Federal Treasury Enter. Sojuzplodoimport v. Spirit Internat'l. N.V.</u>, 425 F.Supp. 2d 458 (S.D.N.Y. 2006). The Court must construe the allegations of the complaint in a light most favorable to plaintiff (<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)) and is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn</u>, 373 U.S. 746, 753 n. 6 (1963). Furthermore, a complaint cannot be dismissed for failure to state a claim "unless it appears, beyond doubt, that the plaintiff can prove no set of facts in support of [a] claim which could entitle him to

---

[8]Finally, Defendants miscite <u>Smith v. New Line Cinema</u>, 2004 WL 2049232 (S.D.N.Y. 2004), in support of their assertion that allegations of passing off in an unfair competition claim no longer negate preemption. <u>Smith</u>, like <u>Dastar,</u> involved the issue of whether plaintiff was the "originator" as required under §43(a) of the Lanham Act. Plaintiff in <u>Smith</u> did not assert a state-based unfair competition claim; accordingly, <u>Smith</u>, like <u>Dastar</u>, did not consider or rule on whether such state-based claim of passing off was subject to preemption.

relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Dahlberg v. Becker</u>, 748 F.2d 85, 88 (2d Cir. 1984); <u>Cohen v. Koenig</u>, 25 F. 3d 1168, 1172 (2d Cir. 1994).

As demonstrated herein, the Complaint states causes of action for fraud, trespass and unfair competition. Any suggestion that Defendants have established the absence of a claim "beyond a doubt" is absurd.

**B.    Defendants Have Failed to Demonstrate Any Legitimate Basis to Dismiss the Complaint**

Defendants' motion to dismiss is premised upon their improper assertion that each of Plaintiff's three claims is preempted. As hereinbefore demonstrated, each of Plaintiff's three state law claims has qualitatively "extra elements" that negate preemption. Furthermore, Defendants' cases confirm that any parts of otherwise preempted claims that are based on ideas, rather than upon textual material, are not subject to dismissal, <u>e.g.</u>, <u>Flaherty</u>, 388 F.Supp.2d at 290-291, points out "to the extent that [plaintiff's unfair competition claims] seek the protection of ideas rather than of copyrightable expressions of ideas" they are not preempted. Defendants' Memorandum, at page 11, acknowledges: "'[i]t is axiomatic that' copyright does not protect an idea, but only the expression of an idea. <u>Kregos</u>, 3 F.3d at 662". Additionally, that portion of Plaintiff's proprietary materials that were presented orally, rather than in a fixed medium, are not subject to preemption. "The copyright act expressly withholds federal pre-emption from words 'not fixed in any tangible medium of expression.'" <u>1 Nimmer on Copyright</u>, §1.01[B][2][a]. This exemption includes "live performances ... and speeches." <u>Id</u>.[9]

---

[9] Defendants place great significance in Plaintiff's use of "Intellectual Property" as a descriptive phrase for its ideas and proprietary materials. As noted in <u>Durabla Manufacturing Co. v. Goodyear Tire and Rubber Co.</u>, 992 F.Supp. 657, 659-60 (S.D.N.Y. 1998), "Plaintiff's own labeling of its claim is not determinative; rather, a court must look beneath the surface of the language in the complaint to determine

## POINT III

**IN THE EVENT THAT THE COURT IS INCLINED TO DISMISS -- AND IT SHOULD NOT -- PLAINTIFF IS ENTITLED TO LEAVE TO REPLEAD TO INCLUDE ALLEGATIONS OF COPYRIGHT INFRINGEMENT AND RELATED CLAIMS**

A party may amend its pleading once as a matter of right before a responsive pleading has been served, otherwise by leave of the court, and such "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); also see Manning v. Utilities Mut. Ins. Co., Inc., 254 F.3d 387, 401 (2d Cir. 2001) ("The interests of justice noted by Rule 15(a) strongly favor allowing plaintiff an opportunity to replead his complaint ...") (emphasis added); Chateau Hip, Inc. v. Gilhuly, 1996 WL 437929, *6 (S.D.N.Y. 1996) (J. Koeltl) (replead granted in case involving copyright infringement of, among other things, a company brochure).

In the event that the Court is inclined to dismiss a complaint, "the usual practice [is] ... to allow leave to replead." Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991), citing Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990), Devaney v. Chester, 813 F.2d 566, 569 (2d Cir. 1987) and Pross v. Katz, 784 F.2d 455, 459-60 (2d Cir. 1986).

As demonstrated above, this case belongs in New York Supreme Court where it was originally filed. Inasmuch as Integrative pled purely state-law claims and chose New York State Supreme Court as the forum in which to resolve this dispute, it is appropriate to remand it. However, should this Court conclude otherwise and find complete preemption of all state law claims, Plaintiff requests that the Court grant it leave to replead its Complaint to include allegations of, inter alia, copyright infringement and violation of the Lanham Act.

---

the legal nature of the claim."

23

An infringement action may be commenced once the plaintiff has delivered to the Copyright Registrar the application and appropriate fee. <u>Chateau Hip</u>, 1996 WL 437929 at *4 (S.D.N.Y. 1996), <u>citing</u> <u>ITAR-TASS Russian News Agency v. Russian Kurier, Inc.</u>, 886 F.Supp. 1120, 1125 n.7 (S.D.N.Y. 1995), <u>Havens v. Time Warner, Inc.</u>, 896 F.Supp. 141, 142-43 (S.D.N.Y. 1995), <u>Apple Barrel Prod., Inc. v. Beard</u>, 730 F.2d 384 (5th Cir. 1984). and <u>Murray v. British Broadcasting Corp.</u>, 81 F.3d 287, 291 (2d Cir. 1996). Once the plaintiff receives the registration, it may be treated as relating back to the date the complaint was filed. <u>Chateau Hip</u>, 1996 WL 437929 at *4, <u>citing</u> <u>Historical Truth Prods., Inc. v. Sony Pictures Entertainment, Inc.</u>, 93 Civ. 5529, 1995 WL 693189, at *6 (S.D.N.Y. 1995) .

Plaintiff has now filed copyright registrations for its websites and brochures (Ex. 3a-d; Weiss Dec. ¶34-35).

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court: (a) grant its within motion to remand this matter to New York Supreme Court, thereby disposing of all issues in this matter; (b) deny Defendants' motion to dismiss in all respects, and (c) in the alternative, should the Court decline to grant Plaintiff's motion to remand, and grant Defendants' motion to dismiss, that the Court then grant Plaintiff leave to amend its Complaint.

Dated: New York, New York
September 1, 2006

> **WEISS & HILLER, PC**
> Attorneys for Plaintiff
> Integrative Nutrition Inc. d/b/a
> Institute for Integrative Nutrition
> 600 Madison Avenue
> New York, New York 10022
> (212) 319-4000

24

By:_____
Arnold M. Weiss (AW 0942)