**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**INTEGRATIVE NUTRITION, INC. d/b/a**
**INSTITUTE FOR INTEGRATIVE NUTRITION,**

                       **Plaintiff,**

       **- against -**

**ACADEMY OF HEALING NUTRITION; HOLISTIC**
**HEALTH AND HEALING NUTRITION, L.L.C.**
**d/b/a THE ACADEMY OF HEALING NUTRITION;**
**ROGER GREEN; MARISE HAMM; WILLIAM TARA,**

                       **Defendants.**
------------------------------------------------

**06 Civ. 4920 (JGK)**

<u>**OPINION AND ORDER**</u>

**JOHN G. KOELTL, District Judge:**

      The defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the plaintiff's complaint on the grounds that the claims are preempted by Section 301(a) of the Copyright Act, 17 U.S.C. § 301(a), or other federal law.  The plaintiff, Integrative Nutrition, Inc., initially brought this action in state court claiming that the defendants had fraudulently obtained and illegally used the plaintiff's "intellectual property," which the plaintiff allegedly owned in aspects of its holistic nutrition education program.  In the complaint, the plaintiff asserts state law causes of action for unfair competition, fraud and misrepresentation, and trespass.  The defendants[1] removed the action to federal court, asserting

---

[1] The defendant William Tara is not a moving party on this motion.  The remaining defendants assert that they are unaware that he has been served, and he has not appeared in this action and did not participate in removing it

that the Court has original jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1338 because the state law claims are preempted by the Copyright Act.  Shortly thereafter, the defendants filed the present motion to dismiss, also on preemption grounds.

The plaintiff has filed a cross-motion to remand the action to state court for lack of subject matter jurisdiction and, in the alternative, for leave to amend the complaint.  The plaintiff argues that its state law claims are not preempted, and therefore this Court lacks subject matter jurisdiction.

Both motions thus turn on the pivotal question of whether any or all of the plaintiff's claims are preempted by Section 301(a) of the Copyright Act or other federal law.  For the reasons set forth below, the Court finds that only the plaintiff's first cause of action for unfair competition is preempted and must be dismissed.

I.

For the purposes of the pending motions, the following facts alleged in the complaint are accepted as true.  The plaintiff Integrative Nutrition is a New York corporation with its principal place of business in New York.  (Compl. ¶¶ 1-2.)

---

from state court.  As used in this opinion, "defendants" refers to the remaining defendants.

2

The plaintiff, among other things, operates an institute with a program dedicated to educating and enlightening students and improving health and wellness on physical, emotional, sexual, and spiritual levels. (Id. ¶ 4.) The plaintiff teaches dietary perspectives ranging from ancient traditions of macrobiotics, ayurveda, and traditional Chinese medicines to the current trend toward raw foods, live foods, juicing, and fasting. (Id. ¶ 5.) This teaching emphasizes the multicultural, political, and ecological dimensions of diet and the world food supply. (Id.)

As part of its business, the plaintiff has devised and used a "business formula" designed to increase enrollment, reduce administrative costs and inconvenience, work with alumni, and streamline the institute's operations. (Compl. ¶ 8.) Part of this business formula includes original marketing and promotional materials, such as a website and promotional brochure; retention of visiting lecturers; and a flexible tuition payment program, which provides tuition discounts based on factors such as travel distance and enrollment of friends and family members. (Id.) These aspects of the plaintiff's business, among other things, constitute what the plaintiff has deemed its "protectible intellectual property." (See id. ¶¶ 22-27.)

The defendants, all allegedly citizens of New York, consist of a sole proprietorship, the Academy of Healing Nutrition

3

("AHN"), a limited liability company, Holistic Health and Healing Nutrition, LLC, and individuals alleged to be the owners and founders of these companies. (See Compl. ¶¶ 9-21.) In June 2005, the individual defendants, Roger Green and Marise Hamm, attended an orientation for prospective students of Integrative Nutrition. (Id. ¶ 28.) Green and Hamm represented themselves as prospective students and did not identify themselves as competitors. (Id. ¶ 29.) However, according to the plaintiff, these defendants used the June orientation to gain access to Integrative Nutrition's intellectual property. (Id. ¶¶ 30-32.) Green, Hamm, and the third named individual defendant, William Tara, then allegedly decided to exploit the plaintiff's intellectual property "for the purpose of creating and operating AHN and Holistic Health as a competitive business, based, not upon their original thinking" but upon Integrative Nutrition's intellectual property. (Id. ¶ 34.) The individual defendants created AHN shortly thereafter. (Id. ¶ 35.) The defendant Holistic Health and Healing was formed as a limited liability company on January 11, 2006. (Id. ¶ 41.)

According to the plaintiff, the defendants launched a website "that plagiarized the Integrative Website, by copying text and language and using similar or the same formats, style, quotes, concepts, fonts, hypertext placement, banner location, and other qualities as those included in Integrative Website and

4

Integrative Brochure."[2]  (Compl. ¶ 37.)  The plagiarized website incorporated in full the plaintiff's flexible tuition program. (Id. ¶ 38.)  The defendants also attempted to hire Integrative Nutrition's former managing director, allegedly to obtain additional access to the plaintiff's intellectual property. (Id. ¶ 36.)

Based on these events, the plaintiff asserts three state law causes of action against the defendants.  First, the plaintiff claims that the defendants' "unauthorized use of Integrative's Intellectual Property constitutes common law unfair competition."  (Compl. ¶ 47.)  Specifically, according to the plaintiff, "[t]he similarities between Integrative's Intellectual Property and the Plagiarized Website are so striking that there is a substantial likelihood that Defendants' use of Integrative's Intellectual Property will cause confusion among the public."  (Id. ¶ 45.)  For the unfair competition claim, the plaintiff seeks compensatory and punitive damages and a permanent injunction against the defendants.  (Id. ¶¶ 49-52.) Second, the plaintiff claims that the defendants obtained access to Integrative Nutrition's intellectual property through fraud and misrepresentation and again seeks relief in the form of compensatory and punitive damages and a permanent injunction.

---

[2] The Court adopts the plaintiff's convention of referring to the "defendants" collectively here, although it is not clear whether the defendant Holistic Health and Healing even existed at the time these events occurred.

5

(See id. ¶¶ 53-63.)  Third, the plaintiff claims that Green and Hamm trespassed on Integrative Nutrition's premises and obtained the plaintiff's intellectual property as a result of the trespass.  (Id. ¶ 65.)  For this third cause of action, the plaintiff seeks only compensatory and punitive damages.  (Id. ¶¶ 69-70.)

## II.

### A.

The threshold question is whether the Court has subject matter jurisdiction over the plaintiff's claims.  This issue turns on whether the plaintiff's claims are preempted by the Copyright Act.  Preemption does not necessarily confer federal jurisdiction.  Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 304 (2d Cir. 2004).  This is because preemption is generally raised as a defense to the plaintiff's suit and thus does not appear on the face of a well-pleaded complaint.  Id. However, the "complete preemption" doctrine provides an exception to this rule.  Complete preemption arises where "the preemptive force of federal law is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  Id.  The complete preemption doctrine applies "to any federal statute that both preempts state law and substitutes a

federal remedy for that law, thereby creating an exclusive federal cause of action." Id. at 305.  The doctrine applies to state law claims preempted by the Copyright Act.  Id. Therefore, based on the complete preemption doctrine, "district courts have jurisdiction over state law claims preempted by the Copyright Act."  Id.

If at least one claim falls within the district court's copyright jurisdiction, the district court may, if appropriate, exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(a).  Id. at 308.  However, a district court is not required to exercise supplemental jurisdiction over those claims.  Rather, a district court retains the power to decline to exercise supplemental jurisdiction based on the factors explained in 28 U.S.C. § 1367(c).  Id.

Once a court determines that a state law claim is preempted by the Copyright Act, the court's role is not to determine whether the plaintiff has produced sufficient evidence to state a copyright claim.  Id.  "[T]he complete preemption doctrine ensures that a federal forum will be available to decide that a plaintiff's claim is preempted; but it does not allow a federal court to decide claims that have not actually been pleaded." Id. at 309.  If the claim is preempted and the court thereby assumes jurisdiction over the claim, the court must simply

7

dismiss the state law claim for failing to state a cause of action. Id. Preemption analysis is thus the key both to determining whether the Court has subject matter jurisdiction over this matter and whether the plaintiff has stated a claim upon which relief can be granted.

**B.**

The Copyright Act preempts state law if the following requirements are met: (1) the particular work to which the state law claim applies falls within the type of works protected by the Copyright Act in 17 U.S.C. §§ 102 and 103; and (2) the state law claims seeks to vindicate "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by [17 U.S.C. §] 106." See 17 U.S.C. § 301(a); Briarpatch, 373 F.3d at 305; Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 848 (2d Cir. 1997). The first prong of this test is called the "subject matter requirement" and the second prong of the test is called the "general scope requirement." See Briarpatch, 373 F.3d at 305; Nat'l Basketball Ass'n, 105 F.3d at 848.

The subject matter requirement is satisfied if the claim applies to "a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." Briarpatch, 373 F.3d at 305; Nat'l

Basketball Ass'n, 105 F.3d at 848-49. The work "need only fit into one of the copyrightable categories in a broad sense" and "need not consist entirely of copyrightable material in order to meet the subject matter requirement." Briarpatch, 373 F.3d at 305 (citing Nat'l Basketball Ass'n, 105 F.3d at 848-50).

The general scope requirement is met "only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." Id.; accord Computer Assocs. Int'l, Inc. v. Altai Inc., 982 F.2d 693, 716 (2d Cir. 1992) (quoting Harper & Row, Publishers, Inc. v. Nation Enters., 723 F.2d 195, 200 (2d Cir. 1983), rev'd on other grounds, 471 U.S. 539 (1985)). Additionally, "the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim." Briarpatch, 373 F.3d at 305; Nat'l Basketball Ass'n, 105 F.3d at 851; Computer Assocs., 982 F.2d at 716. Courts in this circuit take a restrictive view of which extra elements transform a state law claim that is otherwise equivalent to a claim for copyright infringement into a claim that is "qualitatively different" from a copyright infringement claim. See Briarpatch, 373 F.3d at 306; Nat'l Basketball Ass'n, 105 F.3d at 851. In determining whether a state law claim is "qualitatively different" from a copyright infringement claim, courts are to analyze "what the plaintiff seeks to protect, the

9

theories in which the matter is thought to be protected and the rights sought to be enforced." Briarpatch 373 F.3d at 306 (alterations omitted) (quoting Computer Assocs., 982 F.2d at 716).

**1.**

Applying this two-pronged test, it is clear that the plaintiff's first cause of action for unfair competition is preempted by the Copyright Act. The core of the unfair competition claim is the plaintiff's allegation that similarities between "Integrative's Intellectual Property and the Plagiarized Website" will "cause confusion among the public." (Compl. ¶ 45.) Specifically, according to the plaintiff, "[the] [d]efendants launched a website that plagiarized the Integrative Website, by copying text and language and using similar or the same formats, styles, quotes, concepts, fonts, hypertext placement, banner location, and other qualities as those included in the Integrative Website and Integrative Brochure, creating a substantial likelihood of consumer confusion." (Id. ¶ 37.)

Turning first to the subject matter requirement, the plaintiff's unfair competition claim squarely applies to works that fall within the ambit of copyright protection—websites and brochures. A website may constitute a work of authorship fixed

in a tangible medium of expression pursuant to 17 U.S.C. § 102. Copyright protection for a website may extend to both the screen displays and the computer code for the website.  See, e.g., 1-800 Contacts, Inc. v. WhenU.Com, 309 F. Supp. 2d 467, 484 (S.D.N.Y. 2003), rev'd on other grounds, 414 F.3d 400 (2d Cir. 2005).  Although the plaintiff's complaint broadly alleges a protectible interest in "intellectual property," some aspects of which may fall outside the scope of copyright protection, the obvious thrust of what the plaintiff seeks to protect in his unfair competition claim are the website and the brochure.  It bears repeating that a work need not consist entirely of copyrightable material in order to satisfy the subject matter requirement.  See Briarpatch, 373 F.3d at 306 ("To the extent that the project includes non-copyrightable material, such as ideas, these are not sufficient to remove it from the broad ambit of the subject matter categories.").  Therefore, the subject matter requirement of the copyright preemption analysis is satisfied for the plaintiff's unfair competition claim.

Second, depending on the nature of the rights asserted, an unfair competition claim may fall within the general scope of copyright.  The Copyright Act preempts unfair competition and misappropriation claims "grounded solely in the copying of a plaintiff's protected expression." Kregos v. Assoc. Press, 3 F.3d 656, 666 (2d Cir. 1993) (citing Computer Assocs., 982 F.2d

11

at 717); accord American Movie Classics Co. v. Turner Entm't Co., 922 F. Supp. 926, 933 (S.D.N.Y. 1996).  "In contrast, unfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties and trade secrets have been held to satisfy the extra element test and avoid § 301 preclusion."  Id.

An unfair competition claim may also be predicated on a theory of "passing off," "the essence of which is false representation of origin."  American Movie Classics, 922 F. Supp. at 933.  There are two types of "passing off" claims— "passing off" and "reverse passing off."  Colour & Design v. U.S. Vinyl Mfg. Corp., No. 04 Civ. 8332 (MBM), 2005 WL 1337864, at *6 (S.D.N.Y. June 3, 2005).  In a reverse passing off case, the alleged infringer sells the plaintiff's products as its own.  Id.; American Movie Classics, 922 F. Supp. at 934.  In a passing off case, the alleged infringer sells its products as the plaintiff's.  Id.  Claims predicated on a theory of reverse passing off are preempted by § 301.  Id.  Professor Nimmer explains the distinction as follows:

> If A claims that B is selling B's products and representing to the public that they are A's, that is passing off.  If, by contrast, B is selling B's products and representing to the public that they are B's, that is not passing off.  A claim that the latter activity is actionable because B's product replicates A's, even if denominated "passing off," is in fact a disguised copyright infringement claim, and hence pre-empted.

12

1-1 <u>Nimmer on Copyright</u> § 1.01[B][1][e], <u>quoted in</u> <u>American Movie Classics</u>, 922 F. Supp. at 934.

In this case, the plaintiff's unfair competition claim is predicated on a theory of reverse passing off and contains "no element to qualitatively differentiate it from those areas protected by copyright."  <u>See</u> <u>Kregos</u>, 3 F.3d at 666.  The primary allegation in the claim is that the defendants have "plagiarized" the plaintiff's website.  (<u>See</u> Compl. ¶¶ 37, 45.)  The definition of "plagiarize" is to "steal and pass of as one's own" and "use without crediting the source."  <u>Webster's Third New International Dictionary</u> 1728 (1993).  Thus, the very definition of the term that the plaintiff has selected to describe the defendants' alleged wrongdoing is essentially synonymous with the concept of reverse passing off.  This reverse passing off claim is equivalent to a claim for copyright infringement.  <u>See</u> <u>American Movie Classics</u>, 922 F. Supp. at 934.

The plaintiff argues that its unfair competition claim also contains elements of fraud, misrepresentation, breach of confidence, or other unethical conduct that create extra elements that differentiate this claim from one of copyright infringement.  (<u>See</u> Pl.'s Mem. of Law at 14-15.)  However, the plaintiff's argument is not supported by the allegations in the complaint.  Although the complaint contains allegations of

13

fraudulent conduct on the part of two of the individual defendants, these factual allegations underlie the plaintiff's second cause of action for fraud and misrepresentation, which for the reasons stated below, the Court determines is not preempted.  The complaint fails to describe those allegations as a basis for the unfair competition claim.  Moreover, those allegations are not elements of the claim of unfair competition based on copying the plaintiff's materials and thus do not prevent a finding of preemption.  See Kregos, 3 F.3d at 666.  For these reasons, the plaintiff's claim for unfair competition is preempted by § 301 of the Copyright Act.  See American Movie Classics, 922 F. Supp. at 934.[3]

**2.**

The plaintiff's second cause of action for fraud and misrepresentation, however, is not preempted by the Copyright Act.  Under New York law, "[t]o sustain a cause of action alleging fraud, a party must show a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party

---

[3] As stated above, there are other bases for claims of unfair competition under New York law such as breach of a confidential relationship, breach of fiduciary duty, and misappropriation of trade secrets, which have been found not to be preempted.  See Kregos, 3 F.3d at 666.  These theories have not, however, been alleged in the complaint.

on the misrepresentation or material omission, and injury." Cayuga Partners, LLC v. 150 Grand, LLC, 759 N.Y.S.2d 347, 348 (App. Div. 2003); Buxton Mfg. Co., Inc. v. Valiant Moving & Storage, Inc., 657 N.Y.S.2d 450, 451 (App. Div. 1997). Therefore, the fraud claim contains, at the very least, the additional element of "intentional deception," which renders it qualitatively different from a claim for copyright infringement. C.f. Samara Bros., Inc. v. Wal-Mart Stores, Inc., 165 F.3d 120, 131 (2d Cir. 1998) (citing 1-1 Nimmer on Copyright § 1.01[B][1][e]) (finding a claim under N.Y. Gen. Bus. Law § 349 is not preempted because it contains the additional element of "intentional deception"), rev'd on other grounds, 529 U.S. 205 (2000); see also Tracy v. Skate Key, Inc., 697 F. Supp. 748, 751 (S.D.N.Y. 1988) ("plaintiff's claim for fraud contains an element of misrepresentation that is irrelevant to the cause of action for copyright infringement"). Professor Nimmer has stated that "there is no preemption of the state law of fraud." 1-1 Nimmer on Copyright, § 1.01[B][1][e]. For these reasons, the plaintiff's second cause of action for fraud is not preempted by the Copyright Act.[4]

---

[4] The defendants have also suggested that the plaintiff's claims are preempted by patent law, but they have not identified which of the plaintiff's claims could arise under patent law, and they have not attempted to explain why the second and third causes of action do not contain additional elements not required for a claim under patent law.

15

**3.**

The plaintiff's third cause of action for common law trespass also is not preempted by the Copyright Act. "A person who enters upon the land of another, without the owner's permission, whether innocently or by mistake, is a trespasser." <u>Burger v. Singh</u>, 816 N.Y.S.2d 478, 480 (App. Div. 2006) (internal quotation marks omitted). The entry-upon-land requirement for a claim of trespass adds an extra element that distinguishes this claim from that of a claim for copyright infringement.

As part of this claim, the plaintiff seeks damages for the defendants' alleged misappropriation of the plaintiff's intellectual property that occurred during the trespass (<u>see</u> Pl.'s Mem. of Law. at 12-13), which is based on the defendants' obtaining tangible copies of "the Integrative Brochure and information concerning the Integrative Nutrition's Business Formula, including Flexible Tuition, Special Lecture Series, and Marketing Program" (Compl. ¶ 65). The plaintiff also seeks damages for the defendants' subsequent use of that intellectual property. (<u>See</u> Compl. ¶ 66.) Thus, the plaintiff's damages claim may implicate issues of federal copyright law. However, that one aspect of the plaintiff's damages claim may implicate federal copyright issues does not render the state law claim for

16

trespass to land equivalent to a claim for copyright infringement.

In any event, "[i]n order to recover compensatory damages, the plaintiff must demonstrate that the damages complained of were proximately caused by the defendant's trespass." Dellaportas v. County of Putnam, 658 N.Y.S.2d 116, 117 (App. Div. 1997); see also People's Gas & Electric Co. of Oswego v. State, 179 N.Y.S. 520, 522 (App. Div. 1919) (stating that a trespasser is liable for "such damages as were caused as the natural, direct, and immediate result of the trespass"), aff'd, 132 N.E. 871 (N.Y. 1921). It is unlikely that the damages sought by the plaintiff were proximately caused by any trespass to land. However, regardless of whether the plaintiff will ultimately recover on its broad claims for damages, the claim for trespass to land is qualitatively different from a claim for copyright infringement and therefore is not preempted.

C.

Because the plaintiff's state unfair competition claim is completely preempted, the Court has original jurisdiction over the claim. Briarpatch, 373 F.3d at 309. However, having assumed jurisdiction over the claim, that claim is dismissed for failure to state a cause of action. See id. The Court will, however, exercise supplemental jurisdiction over the remaining

state law claims. See 28 U.S.C. § 1367(a). While the remaining claims are not preempted, they raise issues—particularly with respect to the scope of damages—that are closely related to the preempted claim and warrant the exercise of federal jurisdiction. See Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) (recognizing that "when a state claim is closely tied to questions of federal policy and where the federal doctrine of preemption may be implicated," the district court may in its discretion exercise supplemental jurisdiction even where the federal claims have been dismissed before trial (quoting Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1998)) (internal quotation marks omitted)); see also Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003) ("[W]e upheld the court's retention of jurisdiction after the federal claims had been dismissed because the remaining state law claims implicated the doctrine of preemption." (internal quotation marks and alterations omitted)).

Moreover, the plaintiff has sought leave to amend to add copyright claims if this Court does not remand the action to state court. The defendants have opposed the motion on the grounds that the plaintiff has not submitted a proposed amended complaint. However, the plaintiff has sufficiently alleged that it has filed copyright registrations and that it intends to assert claims of copyright infringement. Given the fact that it

was unclear what claims would survive the motion to dismiss, the plaintiff has alleged sufficient grounds to file an amended complaint, particularly in view of the fact that such motions should be "freely given." See Fed. R. Civ. P. 15(a); Manning v. Util. Mut. Ins. Co., Inc., 254 F.3d 387, 402 (2d Cir. 2001); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.").

## CONCLUSION

For the reasons discussed above, the defendants' motion to dismiss the plaintiff's first cause of action is **granted**. The plaintiff's motion to file an amended complaint is **granted**. The plaintiff may file an amended complaint within twenty (20) days of the date of this Opinion and Order.

**SO ORDERED.**

Dated:   New York, New York
         January 29, 2007

_____
John G. Koeltl
United States District Judge